## POMEROY against POMEROY.

The 12th section of the act concerning divorces, (sess. 36. ch. 102. 1 N. R. L. 197.,) relative to *security for costs* to be given by the plaintiff, does not apply where the bill is filed on the ground of *adultery*, though the bill contains, also, a distinct charge of cruel and inhuman treatment.

*It seems*, that the charges of *adultery* and *cruel treatment* cannot both be contained in the same bill.

BILL by the wife against her husband, for a divorce, on a charge of adultery, and, also, of cruel usage.

*I. Hamilton*, for the defendant, moved for a rule that the plaintiff cause security for costs to be filed, before the defendant be obliged to answer that part of the bill relating to the cruel usage; he relied on the 12th section of the act concerning divorces. (Sess. 36. ch. 102.)

*D. Rodman*, contra.

THE CHANCELLOR said, that if the bill had gone only for a divorce from bed and board, and for cruel usage, the statute referred to would have applied, and the defendant would have been entitled to such security. But though the bill had such a charge, it contained, also, a charge of adultery ; and he doubted whether both charges could be contained in the same bill, since the one charge required an answer on oath, and the other did not, and since a confession of the one charge was conclusive, but not as to the other, and as the decrees were essentially different in the two cases. At any rate, he should look, for the purpose of this motion, to the weightier charge of adultery ; and the defendant was not entitled to security for costs in such a case, unless, perhaps, under some extraordinary circumstances. The statute did not apply to such a bill as this, but only to a bill simply for a divorce from bed and board. If security be taken, it must be for the costs of the suit at large, and could not be taken for a distinct ingredient in the bill.

Motion denied.